First Trust & Savings Bank, Trustee, Mary J. Shreve, Intervenor, Plaintiff in Error, v. Horace Lowry et al., Receivers, Defendants in Error.

1. PERSONAL INJURIES—*procedure applicable in action against receiver.* If a petition in a chancery receivership is the vehicle by which damages are sought to be recovered, the rules pertaining to chancery proceedings apply rather than those followed in actions of law, and the verdict of the jury, if one is called, is to be treated as advisory only.

2. APPEALS AND ERRORS—*when finding of chancellor not disturbed.* The finding of a chancellor on questions of fact will not be disturbed unless manifestly and palpably contrary to the evidence.

Intervening petition. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909. Rehearing denied November 24, 1909.

ROBERT H. PATTON and C. J. CHRISTOPHER, for plaintiff in error.

BROWN, WHEELER, BROWN & HAY, for defendants in error; MASTIN & SHERLOCK, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This writ of error is sued out by Mary J. Shreve to reverse a decree dismissing her intervening petition for the recovery of damages for the death of her husband, which occurred while he was in the employ of the receiver of the Illinois Collieries Co., and which it is charged was occasioned by the negligence of the servants of such receiver. The record discloses that on December 30, 1907, a bill was filed by the First Trust & Savings Bank as trustee, to foreclose a trust deed on the property of the Illinois Collieries Co., which included the coal mine in which the husband of the petitioner was killed. Glen W. Trayer was appointed receiver of said property and was operating the mine at

First Trust & Savings Bank v. Lowry et al., 151 Ill. App. 170.

the time the husband of petitioner was killed. He was afterward succeeded as such receiver by the defend-ants in error herein. After alleging the appointment of Trayer as receiver and the operation by him of the coal mine in question, the intervening petition further alleges that William J. Shreve, the husband of peti-tioner, was on March 24, 1908, in the employ of said receiver and engaged in mining and loading coal in a certain room of said mine; that there was certain shale and material hanging beneath the rock in the roof of said room in such condition that the same was loose and liable to fall because of the absence of cap pieces on the top of the caps used therein, and that a danger-ous condition in said room was thus created; that the said Shreve while at work loading coal under said roof in said condition, was injured by the falling upon him of a large quantity of said material from the roof of said room, and in consequence of said injury thereafter died.

The negligence charged in the petition is the wil-ful violation of certain provisions of the statute rela-tive to mines and mining, in the following particulars: The first paragraph charges the wilful failure to fur-nish Shreve and his assistant with certain cap pieces for props which they had demanded from the defend-ant; to have the mine examiner inspect the room in question, to observe the unsafe condition and place a conspicuous mark thereat, to report his findings to the mine manager; to prevent any one from entering and working in such room until the conditions therein were made safe, and to make a daily record of the condition of the mine before said Shreve was permitted to enter said room to work; also the wilful failure of the mine manager to see that the dangerous place in said room was properly marked and that danger signals were displayed thereat. The second paragraph charges the wilful failure of the mine examiner to visit and in-spect the room in question and to inscribe on the walls of said working place in chalk the date of his visit,

and to place a conspicuous mark upon a certain place in the roof of the room as notice to all men to keep out of the same. It further charges that said place was dangerous because of certain loose and heavy material in the roof in such close proximity to the place where said Shreve was at work in said room, as would cause said material to fall upon said Shreve; that the mine examiner wilfully failed to report such condition to the mine manager; to prevent any one from entering the mine and working therein until the conditions were made safe, or to make a record of such condition in the book kept therefor, before said Shreve entered the mine. The third paragraph charges that the defendant wilfully failed to deliver to said Shreve and his assistant upon demand made therefor, certain props, caps and timbers of suitable length and sizes for securing the roof of said room.

The petition further avers that the deceased left him surviving the petitioner his widow, and his children, Raymond L. Shreve and Earl D. Shreve, all of whom were dependent upon him for support, and asked leave to intervene in the principal cause and that a rule be entered upon the receiver to answer; that the issues of fact be submitted to a jury, and that a decree be entered for such amount as may be found to be legally due her; that the same be made a prior lien upon all the assets and earnings in the hands of the receiver, and that the receiver be ordered to pay the same in due course of administration of his trust. The receiver answered the petition denying the charges thereof. A jury was selected and sworn, without objection, to try the issues formed upon the petition and answer. Upon the conclusion of the evidence for the petitioner the court, upon motion of the defendant, excluded from the jury the first and second paragraphs of the petition. The jury returned a verdict of not guilty as to the third paragraph. Judgment was thereupon entered dismissing the petition, in bar of the petitioner's action, and for costs. No question was

raised as to the propriety of the general procedure followed in the trial of the cause, which is approved in Shedd v. Seefeld, 230 Ill. 118.

We are of opinion that in proceedings of this character the rules pertaining to chancery proceedings apply rather than those followed in actions at law. The verdict of the jury must therefore be treated as advisory only, and the chancellor was at liberty either to adopt the same or disregard it and render a decree contrary thereto if he believed justice so demanded. Hardy v. Dyas, 203 Ill. 211. It follows that unless his findings and decree can be said to be manifestly and palpably contrary to the evidence, we are not authorized to disturb the same.

The evidence shows that on March 24, 1908, William D. Shreve, the husband of the petitioner, together with his son Raymond, were working in a room of one of the mines of the Illinois Collieries Co. at Auburn, Illinois, loading coal into a car, when a large clod of shale and other material fell from the roof and so injured William D. Shreve that he died as the result thereof. It clearly appears from the evidence that a dangerous condition existed in the room immediately prior to the time Shreve was killed; that the mine examiner had, at about two o'clock on the morning of the accident made an examination of the room, and written the month and day of his visit on the roof thereof; that he neither marked the place as dangerous nor reported such fact nor recorded the same in the book kept for that purpose at the mine. The decisive and controlling issue involved, therefore, was whether or not such dangerous condition existed at the time the mine examiner made his examination, for there is no evidence that if the condition afterward became dangerous he could or should have observed the same. The testimony of the mine examiner, who was called by the plaintiff, was to the effect that he made a careful examination of the room at the time of his visit and found no existing dangerous condition.

Raymond Shreve, a son of the petitioner, testified that on the day before the accident, a projection which formed a part of the clod which fell, "sounded kind of loose there, drumming."

Whether in this state of the proof the trial judge in a suit at law would have been warranted in directing a verdict of not guilty, under the first and second paragraphs, it is not necessary to determine. His conclusion that the plaintiff had failed to prove by the greater weight of the evidence the guilt of the defendant as charged in said paragraphs, we think was clearly warranted, and they were therefore properly excluded from the consideration of the jury.

In order to recover under the third paragraph of the petition, it was essential that the petitioner should show by the greater weight of the evidence that there had been a proper demand made for props and caps, and a wilful failure to furnish them in suitable lengths and sizes to secure the roof of the room. Conceding that the evidence shows that a proper demand had been made, we are of opinion that the chancellor was fully warranted in finding that suitable and sufficient props were furnished in response thereto. Five witnesses testified to that effect, and they were not directly contradicted upon the point except by Raymond Shreve. The chancellor heard and saw the witnesses while testifying, and was warranted in finding this issue in favor of the defendants.

There being no error in the record the judgment of the Circuit Court is affirmed.

*Affirmed.*